## Sarah T. Burge, Appellee, v. St. Louis, Springfield & Peoria Railroad, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of fact. Opinion filed April 16, 1915.

### Statement of the Case.

Sarah T. Burge recovered a judgment against the St. Louis, Springfield & Peoria Railroad for seven hundred dollars, in action for damages for personal injuries received through alleged negligence of appellant while she was alighting from one of its cars. The defendant appeals.

The plaintiff claimed that the appellant so negligently managed and controlled its car that it was not stopped at a certain crossing, so as to permit the appellee to alight upon the crossing, but that the car was negligently and carelessly stopped so that the steps thereof were about six feet north of the north line of the crossing, and that the agents and servants of the defendant negligently failed to exercise due and

proper care in assisting plaintiff to alight from the car; that by reason of the darkness, she could not by the exercise of ordinary care for her own safety, observe and know that the steps of the car were not over and above the crossing, and that while in the exercise of due care, and having good reason to believe and believing that said steps were above the crossing, she was, by reason of the great distances and the uneven and slanting condition of the ground, there caused to fall and sustain an injury.

The verdict is alleged to be contrary to the law and the evidence. The evidence showed that appellee resided near the crossing in question, which was constructed of brick and was about three feet wide. The street where the appellee alighted was the ordinary unpaved street of a country town, and while it probably was somewhat lower than the crossing itself, no dangerous conditions were shown to exist therein. When the car came to a stop, appellee and a friend proceeded to get off, the latter leaving the car first in safety. Appellee followed, and as she stepped off the car she missed her step and her foot turned under her, and her ankle was dislocated and sprained.

RINAKER & RINAKER, J. B. HARDAWAY and BURTON & HAMILTON, for appellant.

EDWARD C. KNOTTS, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 396*—*when duty to stop street car with step over crossing.* It is not the duty of a carrier to stop a street car in a city or village so that its steps are directly over a crossing.

2. CARRIERS, § 401a*—*when duty to assist passenger in alighting from street car.* It is not the duty of a carrier, under ordinary

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

circumstances, to assist passengers in alighting from street cars.

3. CARRIERS, § 476*—*when liable for injury to passenger in alighting from street car.* Where a street car was stopped in the nighttime with its steps several feet from a cross walk at a point where the ground was lower than the walk, or slightly uneven, and a passenger in alighting missed her step and sprained her ankle, *held* that no negligence on the part of the carrier was shown.